IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>DEAN AUSTIN SOUTH,<br><br>    Defendant. | CR 12–21–H–DLC<br><br><br>ORDER |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>SHERYL GILLESPIE,<br><br>    Defendant. | CR 12–22–H –DLC<br><br><br>ORDER |

On January 24, 2013, Defendants Dean Austin South and Sheryl Gillespie pled guilty to one count of conspiracy to commit fraud in violation of 18 U.S.C. § 371. Both Defendants were sentenced to five years of probation and restitution to be determined at a subsequent hearing. The restitution hearing was referred to

1

United States Magistrate Judge Jeremiah C. Lynch who issued findings and recommendations on July 12, 2013, recommending that no restitution be imposed against either Defendant. (Docs. 36; 37.)[1] The United States timely objected to the findings and recommendations and is therefore entitled to *de novo* review of the specified findings or recommendations to which it objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Lynch's findings and recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will only be restated as necessary to explain this Court's reasoning.

**Overview**

Defendant Dean Smith is one of the principal owners of Superior Propane, a wholesale propane company. His daughter, Defendant Sheryl Gillespie, served as one of the company's bookkeepers. In 2007, Superior Propane became a customer of Banner Bank ("the bank") and subsequently relied on the bank for a multi-

---

[1] The first docket number in this citation refers to CR 12–21–H–DLC, *United States v. South*. The second number in this citation refers to CR 12–22–H–DLC, *United States v. Gillespie*.

2

million dollar line of credit. This credit was used to pay Superior Propane's operating expenses and other financial obligations. Beginning in early 2008, Defendants employed a scheme to falsify Superior Propane's accounting records in order to secure continued access to the bank's line of credit. This scheme was later discovered and Defendants pled guilty to conspiracy to commit fraud and were sentenced to five years probation. Restitution was also ordered, but at the sentencing hearing the exact amount of restitution to be paid to the bank could not be verified.

Initially, the government sought $4,298,030.19 in restitution at the sentencing hearing. This total was calculated by adding the alleged outstanding balance due on the line of credit, $2,783,459.89, to the amount of interest lost on this balance, $779,174.01, and the legal fees the bank claims it has incurred, $735,396.29. When asked to testify to this total, Banner Bank's Senior Vice President, Bruce Nelson, confirmed that this was the total amount due to the bank, but failed to provide any documentation to support his testimony. At the Court's urging, Nelson did supply a handwritten list of credits applied to the balance due on the line of credit, which he apparently prepared in the course of a telephone conversation shortly before the hearing with someone at Banner Bank who was knowledgeable regarding these details, but did not produce a schedule

documenting these credits. Additionally, Nelson testified that the amount of interest lost and the amount of legal fees incurred by the bank were correct, but did not support these statements with documentation.

Due to this lack of documentation, the Court reserved judgment on the issue of restitution and deferred the matter to Judge Lynch to hold a hearing as to the correct amount of restitution. The bank, as the victim seeking restitution, was instructed to provide documentation to the government showing that the amount claimed for the balance due, the interest lost, and the legal fees incurred by the bank were correct. After receiving this documentation, the government was instructed to give it to Defendants in order to verify that this amount was correct and the underlying evidentiary support for this amount was sound.

At the restitution hearing, the government conceded that there was insufficient proof to support the bank's claim for legal fees and lost interest on the balance due. However, the government maintained that Defendants should still be required to pay restitution in an amount equaling the principal balance due on the line of credit, an alleged total of $2,782,459.19. To support this amount, the government relied on documentation sent by Nelson in an email. This email supplied "history sheets from 10/09 to present" representing Superior Propane's

line of credit with the bank. (Doc. 30-1 at 1.)[2] However, neither Nelson nor another representative from Banner Bank attended the restitution hearing to provide testimony verifying or explaining this documentation. As such, the government could only rely on Nelson's testimony from the prior sentencing hearing, in addition to the emailed documents, to meet its burden of proof as to the correct amount of restitution.

In his finding and recommendations, Judge Lynch disagreed with the government's argument that this documentation, coupled with Nelson's testimony at the sentencing hearing, met "the 'threshold level of adequacy' necessary to support a restitution order." (Docs. 35 at 10; 36 at 10) (*quoting United States v. Tsosie*, 639 F.3d 1213, 1221 (9th Cir. 2011)). As such, Judge Lynch recommended this Court decline to impose restitution against any of the Defendants. Judge Lynch noted several unexplained entries in the loan history sheets which could not be verified or explained due to the lack of victim testimony at the restitution hearing. Additionally, Nelson did not provide any testimony at the sentencing hearing explaining the entries in question. Thus, because these entries could not be verified by the victim, Judge Lynch found that "[t]he

---

[2] The email and the attached loan history sheets could only be found in CR 12–22–H–DLC, *United States v. Gillespie*.

government failed to meet its burden of proving by a preponderance of the evidence the amount of loss sustained by Banner Bank" was the result of the Defendants' criminal conduct. (Docs. 35 at 12; 36 at 12.)

The United States' sole objection was to Judge Lynch's finding that the government "did not meet its burden to show that the restitution amount owed to Banner Bank is $2,783,459.89." (Doc. 36 at 2; 37 at 2.) The government argues that it did meet its burden and cites Nelson's testimony, the loan history sheets, and case law in support of its argument. Additionally, the government argues that Defendants specifically asked for probationary sentences in lieu of prison sentences in order to pay restitution to the victim. Allowing Defendants to serve a probationary sentence with no restitution, the government contends, would allow them "to walk away from their crime leaving the victim void of any justice." (Docs. 36 at 10; 37 at 10.)

**Discussion**

The Court will not consider the government's arguments within its objections regarding the correct interpretation of the documents supporting restitution because they were not presented before Judge Lynch at the restitution hearing. A district court is well within its discretion in barring arguments raised for the first time on objections to a magistrate's findings and recommendations

6

absent exceptional circumstances. *Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633, 638-39 (9th Cir. 1988) (overruled on other grounds). "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Id.* at 638. Further, "the Magistrates Act was [not] intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Id.*

Here, the government's objections attempt to explain unresolved issues pointed out by Judge Lynch regarding the correct amount of restitution. The government explains how various fees and credits were coded on the loan history sheets and why certain fees were not credited to the total balance due. However, this explanation was never presented to Judge Lynch because no one from the bank showed up to testify and explain why it is entitled to nearly $2.8 million. As such, this Court is well within its discretion to not consider the government's arguments and explanations pertaining to the differences between credits and fees.

The government also attempts to distinguish this case from *United States v. Tsosie*. In *Tsosie,* the Ninth Circuit Court of Appeals remanded a restitution order because the spreadsheets offered as evidence to the amount of restitution were not accompanied by a sworn statement supporting the amount and "the spreadsheet

7

contained a number of oddities" that were never explained by the district court. *Tsosie*, 639 F.3d at 1222. Here, the government argues that this case differs from *Tsosie* because Nelson provided sworn testimony as to the balance due and "[t]he testimony and the loan history sheets fully support one another and the restitution claim." (Docs. 36 at 6; 37 at 6.)

However, like *Tsosie*, this Court also finds a number of oddities involved with the loan history sheets and the email to which the sheets were attached. At the sentencing hearing, Nelson testified the total balance due on the line of credit was $2,783,459.89. However, examining Nelson's email to the government, Nelson claims "the principal owing is $2,782,939.85." (Doc. 30-1 at 1.) Also, when viewing the loan history sheets the current balance listed is $2,782,939.85. Thus, Nelson swore under oath to one figure, then less than a month later stated another figure to counsel for the government. This discrepancy, though arguably minor, highlights the need for informed and accurate testimony in support of documentation presented for restitution. This Court cannot simply take the government at its word that the amount of restitution requested is the correct figure. This is precisely why a hearing on restitution was set–a hearing that the bank failed to attend.

Although the government is correct that one of the reasons for the Court's

sentence of probation for both Defendants was to provide restitution to the victims of the offense, many other reasons supported the Court's decision as well. These included the age of the Defendants, the unlikeliness of recidivism, a lack of criminal history, the health issues of Defendant South, and to avoid disparity among similarly situated defendants. Moreover, and as the Court pointed out at the sentencing hearing, probation is a real sentence with profound consequences, and the sentence imposed, even without an order of restitution, satisfies the goals of punishment, protection of the public, and deterrence in this case. Finally, the Court gave the government two opportunities to meet its burden to prove restitution was appropriate in this case–the sentencing hearing and a separate restitution hearing. It failed to do so, and the Court cannot order restitution based upon the current record.

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendations (docs. 35; 36) are adopted in full and no restitution will be ordered as a part of the Judgment against Defendants South and Gillespie.

Dated this 15th day of August 2013.

Dana L. Christensen, Chief District Judge
United States District Court